UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER DICKSON, | No. 1:23-cv-01337-SKO (HC) |
| Petitioner, | **ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE** |
| v. | **FINDINGS AND RECOMMENDATION TO SUMMARILY DISMISS PETITION** |
| BRYAN PHILLIPS, Warden, | |
| Respondent. | **[THIRTY DAY OBJECTION DEADLINE]** |

Petitioner is a state prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. He filed the instant petition on September 8, 2023. The petition does not challenge the underlying conviction and instead presents various claims concerning the conditions of his confinement. Petitioner also takes issue with a disciplinary violation, but he fails to state a claim for relief. As discussed below, the Court will recommend the petition be DISMISSED.

**DISCUSSION**

A.   Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of

1

1 habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to
2 dismiss, or after an answer to the petition has been filed.  Herbst v. Cook, 260 F.3d 1039 (9th Cir.
3 2001).

B. Civil Rights Claims

The Petition mainly concerns Petitioner's request for single-cell housing.  He alleges his double-cell status violates the California Government Code.  He also clams that his mental health status and physical disabilities require single-cell housing.

As an initial matter, Petitioner's challenges concerning state law and prison regulations are not cognizable in a federal habeas action.  It is well-settled that federal habeas relief is not available to state prisoners challenging state law.  Estelle v. McGuire, 502 U.S. 62, 67 (1991) ("We have stated many times that federal habeas corpus relief does not lie for errors of state law); Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1997) ("alleged errors in the application of state law are not cognizable in federal habeas corpus" proceedings).

Petitioner's allegations also concern the conditions of his confinement and are not cognizable in a federal habeas action.  A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement.  Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (quoting Preiser v. Rodriguez, 411 U.S. 475, 485 (1973)).  In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of confinement.  McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991); Preiser, 411 U.S. at 499.  Petitioner's civil rights claims are not cognizable in a federal habeas action and must be dismissed.  Petitioner must seek relief for his complaints by way of a civil rights action.

In Nettles v. Grounds, 830 F.3d 922, 936 (9th Cir. 2016), the Ninth Circuit held that a district court has the discretion to construe a habeas petition as a civil rights action under § 1983.  However, recharacterization is appropriate only if it is "amenable to conversion on its face, meaning that it names the correct defendants and seeks the correct relief," and only after the petitioner is warned of the consequences of conversion and is provided an opportunity to withdraw or amend the petition.  Id.  Here, the Court does not find recharacterization to be appropriate. Petitioner does not name the proper defendants and the claims are not amenable to

conversion on their face. Accordingly, the Court should not exercise its discretion to recharacterize the action.

C.     Rules Violation Report

Petitioner also states he was found guilty in a disciplinary proceeding for refusing to accept assigned housing. According to his exhibits, on August 23, 2022, Officer B. Everidge approached Petitioner's cell and informed him that he would be receiving a cellmate. (Doc. 1 at 59.) Officer Everidge gave Petitioner a direct order to accept a compatible inmate. (Doc. 1 at 64.) Petitioner refused, stating, "I gotta take a 115, I can't take a cellie." (Doc. 1 at 59.) Petitioner was then informed he would be receiving a CDC-115 Rules Violation Report for violating Section 3005(c), which provides: "Refusing to Accept Assigned Housing: Inmates shall not refuse to accept a housing assignment such as but not limited to, an integrated housing assignment or a double cell assignment, when case factors do not preclude such." (Doc. 1 at 64.) On September 1, 2022, Petitioner was served with a copy of the Rules Violation Report. (Doc. 1 at 62.) The hearing was held on September 19, 2022. (Doc. 1 at 62.) The hearing officer found that Petitioner had committed the charged offense and Petitioner was assessed a 90-day loss of credits. (Doc. 1 at 64.)

Petitioner indicates he pursued his administrative remedies and also sought relief in the state courts. All of his challenges were denied.

1.     Due Process Rights in Prison Disciplinary Proceedings

Prisoners cannot be entirely deprived of their constitutional rights, but their rights may be diminished by the needs and objectives of the institutional environment. Wolff v. McDonnell, 418 U.S. 539, 555 (1974). Prison disciplinary proceedings are not part of a criminal prosecution, so a prisoner is not afforded the full panoply of rights in such proceedings. Id. at 556. Thus, a prisoner's due process rights are moderated by the "legitimate institutional needs" of a prison. Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989) (citing Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445, 454-455 (1984)).

When a prison disciplinary proceeding may result in the loss of good time credits, due process requires that the prisoner receive: (1) advance written notice of at least 24 hours of the

1  disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional
2  goals, to call witnesses and present documentary evidence in his defense; and (3) a written
3  statement by the factfinder of the evidence relied on and the reasons for the disciplinary action.
4  Hill, 472 U.S. at 454; Wolff, 418 U.S. at 563-567.  In addition, due process requires that the
5  decision be supported by "some evidence." Hill, 472 U.S. at 455 (citing United States ex rel.
6  Vatauer v. Commissioner of Immigration, 273 U.S. 103, 106 (1927)).

7  Petitioner does not claim his due process protections were violated, and a review of the
8  exhibits reveals that all due process requirements were met.  He was provided with more than 24
9  hours' notice of the hearing, specifically 18 days.  He does not claim that witnesses or
10 documentary evidence were denied.  It also appears that Petitioner was provided with a written
11 copy of the disciplinary hearing determination.  Finally, Petitioner fails to demonstrate that there
12 was not at least some evidence to support the decision.  See Hill, 472 U.S. at 455 ("the
13 requirements of due process are satisfied if some evidence supports the decision by the prison
14 disciplinary board to revoke good time credits.")  The Rules Violation Report of the officer
15 constituted some evidence of Petitioner's guilt.

16 For the foregoing reasons, the Court finds that Petitioner fails to state a claim that his due
17 process rights were violated.  Wolff, 418 U.S. at 564; Hill, 472 U.S. at 455.  The petition should
18 be dismissed, and the Clerk of Court should be directed to send Petitioner a blank civil rights
19 complaint.

**ORDER**

21 IT IS HEREBY ORDERED that the Clerk of Court is DIRECTED to assign a District
22 Judge to the case.

**RECOMMENDATION**

24 For the foregoing reasons, the Court HEREBY RECOMMENDS that the habeas corpus
25 petition be DISMISSED and the Clerk of Court be DIRECTED to provide Petitioner with a blank
26 civil rights complaint form.

27 This Findings and Recommendation is submitted to the United States District Court Judge
28 assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304

of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, Petitioner may file written objections with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **September 13, 2023**                        /s/ *Sheila K. Oberto*
                                                                            UNITED STATES MAGISTRATE JUDGE